**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRIAN FRANK JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-00172-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| ROBERT BARRA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is a civil action filed by Plaintiff Brian Frank Jones ("Plaintiff") against Defendant Robert Barra ("Defendant"). (Compl., ECF No. 1).  Defendant filed a Motion to Dismiss. (ECF No. 13).  Plaintiff filed his Response in opposition (ECF No. 14), and Defendant subsequently filed a Reply (ECF No. 15).

## I.  BACKGROUND

According to the Complaint, Plaintiff and Defendant were business partners. (Compl. ¶ 9, ECF No. 1).  On August 20, 2007, Plaintiff claims that in accordance with a written promissory note, he loaned Defendant $700,000, which was to be repaid "within three years with payments to be made semiannually with the due date of payments being six months following the time of the last payment until the entire debt was retired, and bearing interest at the rate of 4% per annum." (*Id.* at ¶ 13).  Plaintiff asserts that he loaned an additional $75,000 to Defendant on February 7, 2008, and the parties entered into "an amended and restated written promissory note that reflected the additional $75,000 disbursed . . . [and] required Defendant to transfer 10% of his personal stock in CryptoMetrics to Plaintiff." (*Id.* at ¶¶ 14– 15).  Plaintiff claims both promissory notes are within Defendant's possession, and "Defendant has refused to provide a copy to Plaintiff." (*Id.* at ¶¶ 13, 15).

Plaintiff alleges that Defendant repaid $190,000 of the loan between June 13, 2008, and February 5, 2009, but has refused to make any additional payments since that date or provide copies of the promissory notes despite making promises to do so. (*Id.* at ¶¶ 17–19).  Plaintiff filed his Complaint for breach of contract and breach of the implied covenant of good faith and fair dealing on January 30, 2015. (Compl., ECF No. 1).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.   DISCUSSION

### A.  Statute of Frauds

Nev. Rev. Stat. § 111.220(1) states that "every agreement is void, unless the agreement . . . is in writing [for] every agreement that, by the terms, is not to be performed within 1 year from the making thereof."  Defendant asserts generally that Plaintiff's claims are barred by the statute of frauds because Plaintiff has not shown the existence of a written contract. (Mot. to

1  Dism. 3:6–11, ECF No. 13).  However, Plaintiff is not required to prove any fact or provide any

2  evidence at the pleading stage; Plaintiff is required only to provide "sufficient factual matter,

3  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

4  (quoting *Twombly*, 550 U.S. at 570).

5  Here, Plaintiff asserts that the debt was due in full within three years after the initial

6  disbursement with payments made semiannually until the debt was retired. (Compl. ¶ 13, ECF

7  No. 1).  However, Plaintiff does not allege that Defendant was precluded under the contract

8  from paying off the debt within one year, which would render the need for written document

9  irrelevant as it applies under the statute of frauds. (*Id.*)

10  Alternatively, even if Nev. Rev. Stat. § 111.220(1) applied in this case, Plaintiff asserts

11  that he and Defendant entered into a written contract, which Defendant has promised but failed

12  to produce. (*Id.* at ¶ 19).  Defendant's alleged failure to provide the written agreement due to

13  loss, destruction, or refusal to provide it does not render the agreement "unwritten." *Khan v.*

14  *Bakhsh*, 306 P.3d 411, 413 (2013) ("[L]oss or destruction does not render [a written agreement]

15  'unwritten'"); *Phillips v. Dignified Transition Solutions*, No. 2:13–CV–02237–GMN, 2014

16  WL 4294972, at *4 (D. Nev. Aug. 28, 2014) (The defendants' alleged refusal to provide the

17  plaintiff with written agreement did not render the agreement unwritten.).[1]  Therefore,

18  Plaintiff's allegation that Defendant has the written agreement in his possession and will not

19  produce it despite his repeated promises to do so does not render the promissory notes

20  "unwritten" and is sufficient to overcome Defendant's Motion to Dismiss.

21  / / /

22

23  ───────────────────────

24  [1] Defendant argues that *Khan*'s finding does not apply in the present case. (Reply 3:11–17, ECF No. 15).  Specifically, Defendant states that the plaintiff in *Khan* asserted that there was only one copy of the contract that was either stolen or destroyed by the defendants whereas in the present case, Plaintiff has not alleged that there is only copy of the written agreement and has alleged only that Defendant has not provided the agreement to Plaintiff. (*Id.* at 3:4–17).  The Court is not

25  persuaded by this argument.  An agreement, if ever memorialized in writing, cannot transform into an unwritten or oral contract, no matter how many copies of the agreement once existed and no matter how a defendant chooses to keep copies out of a plaintiff's possession.

**B. Statute of Limitations**

Defendant argues in the alternative that Plaintiff's claims are barred by the statute of limitations because oral agreements under Nev. Rev. Stat. § 11.190(2)(c) must be commenced within four years. (Mot. to Dism. 3:15–18, ECF No. 13). However, "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute [of limitations] is apparent on the face of the complaint." *United States ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (internal citations and quotations omitted).

As previously addressed, Plaintiff asserts that the agreement was in writing, which is a factual assertion the Court must accept as true. (Compl. ¶ 19, ECF No. 1); *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Therefore, it is apparent from the face of the Complaint that Nev. Rev. Stat. § 11.190(1)(b), which relates to actions upon written contracts, applies to this case. Accordingly, the Court will consider whether Plaintiff commenced the present action within six years of the events at issue, as provided by § 11.190(1)(b), rather than apply the limitations period § 11.190(2)(c) sets forth for actions upon oral agreements.

Plaintiff asserts that Defendant last paid him as part of the contract on February 5, 2009, and Defendant, as part of the contract, should have made semiannual payments every six months. (Compl. ¶¶ 13, 18, ECF No. 1). Thus, any breach of the original contract, as alleged, must have occurred at the earliest in August of 2009. Under Nev. Rev. Stat. § 11.190(1)(b), the limitations period will therefore expire in August of 2015. Any breach of the amended contract must have occurred after August 2009, the earliest date which Plaintiff alleges the agreement was executed; and, therefore, the statute of limitations could not have run prior to August 2015 on claims arising under the amended contract. (*Id.* at ¶ 15). The Complaint was filed January 30, 2015, approximately seven months prior to the expiration of the limitations period for both the original and amended contracts. (ECF No. 1). Thus, Plaintiff's claims will not be dismissed

1    as untimely, because it is not apparent from the face of the Complaint that the statute of

2    limitations had run prior to the filing of the instant action.

3    **IV.     CONCLUSION**

4         **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 13) is

5    **DENIED**.

6         **DATED** this 23rd day of July, 2015.

7

8    _____

9    Gloria M. Navarro, Chief Judge
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25